Rod Ireland v. County of Solano, et al., CV 08-2535 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff Rod Ireland ("Ireland"), a California prisoner proceeding pro se, alleges Eighth Amendment excessive force claims under 42 U.S.C. § 1983 against Solano County and its officials—Deputy Grapentine, Deputy Barrilleaux, Sheriff Stanton, Commander Marsh, and Sergeant Cullison—for their use of "mechanical restraints" on him.[1]  Ireland also alleges a First Amendment retaliation claim against Deputy Grapentine.  Because res judicata bars Ireland from reasserting excessive force claims against Grapentine and Barrilleaux, and because Ireland fails to state excessive force claims against Stanton, Marsh, Cullison, and Solano County, the Court DISMISSES those claims with prejudice.  However, under the less stringent standard for pro se complaints, Ireland does state a retaliation claim against Grapentine.  The Court thus GRANTS Ireland's in forma pauperis motion, and ORDERS the amended complaint, and the summons thereon, served on Grapentine.

I.   Background

Ireland filed his original complaint on October 24, 2008, and his amended complaint on June 25, 2009.  Ireland alleges that, while he was a pretrial detainee in the Solano County Jail,[2] he suffered two instances of excessive force in violation of the Eighth Amendment, and one instance of retaliation in violation of the First Amendment.  (Am. Compl. ¶¶ 10–11, 15, 19.)

On September 8, 2008, Ireland had filed an earlier action in this Court based on the same two allegations of excessive force.  Ireland v. Solano County Sheriff,

---

[1]  Ireland does not specify the kind of mechanical restraints, but the Court construes this term liberally, as it must, to refer to more than just handcuffs.  Fred Cohen, Isolation in Penal Settings: The Isolation-Restraint Paradigm, 22 Wash. U. J.L. & Pol'y 295, 306 (2006) ("Mechanical restraints include any means of restricting an inmate's or detainee's ability to react physically.  They usually involve the use of such devices as leather straps, cuffs, braces, and, most recently, a specially designed chair to which the person is strapped.").

[2]  Ireland does not state the charges for which he is being detained.

1

No. 2:08-CV-2102-RCF, 2009 WL 3055217 (E.D. Cal. Sept. 16, 2009).  A year later, on September 16, 2009, Judge Raymond C. Fisher held, inter alia, that the facts alleged did not state an Eighth Amendment claim for excessive force because "the facts currently alleged do not form an adequate basis for the Court to impute knowledge or malicious intent to the defendants."  Id. at *1 (emphasis omitted).  Judge Fisher therefore dismissed Ireland's complaint with thirty days' leave to file a third amended complaint.  Id. at *2.  Ireland did not timely file any amended complaint.  On October 26, 2006, Judge Fisher entered an order that dismissed Ireland's complaint, with prejudice.  Ireland, No. 2:08-CV-2102-RCF (Docket No. 34).  Ireland now reasserts his excessive force allegations, along with an alleged retaliation claim, in a new action—this one.

Ireland's amended complaint alleges as follows.[3]  On August 14, 2008, Deputy Grapentine applied mechanical restraints to Ireland to secure him during transport to a court appearance.  (Am. Compl. ¶ 11.)  Although Ireland complained the restraints were too tight, Grapentine did not loosen the restraints.  (Id. ¶ 12.)  On September 8, 2008, Ireland again traveled to a court appearance and was again placed in mechanical restraints.  (Id. ¶ 15.)  Although Ireland complained to Deputy Barrilleaux that the restraints were too tight, Barrilleaux did not loosen them.  (Id. ¶ 16.)  Ireland alleges the first incident resulted in meralgia paresthetica,[4] requiring medical care (id. ¶¶ 13, 34), and that the second incident resulted in unspecified injuries, also requiring medical care.  (Id. ¶ 17.)  Then, on October 15, 2008, Grapentine applied mechanical restraints to Ireland to inflict pain in retaliation for inmate grievances Ireland filed against Grapentine.  (Id. ¶ 19.)  This incident required further unspecified medical attention.  (Id.)

This case was assigned to a magistrate judge and then a district court judge before being reassigned on December 23, 2008 to Judge Carlos T. Bea of the Ninth

---

[3] The following is based on the factual allegations in Ireland's amended complaint, which are taken as true and construed in the light most favorable to Ireland for purposes of the Court's initial review.  See Parks Sch. of Bus., Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

[4] "Meralgia paresthetica" is numbness or pain in the outer thigh not caused by injury to the thigh, but by injury to a nerve that extends from the thigh to the spinal column.  J.M. Pearce, Meralgia paraesthetica (Bernhardt-Roth syndrome), 77 J. Neurol. Neurosurg. Psychiatr. 84 (2006).

Circuit, who sits by designation.  (Docket No. 9.)

II.   Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss the prisoner's complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1124, 1127, 1130 (9th Cir. 2000) (en banc).  But pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

III.   Discussion

A.   Res Judicata

At the outset, this Court rules that, under the doctrine of res judicata, Ireland cannot reassert the excessive force claims made in the earlier action, Ireland, No. 2:08-CV-2102-RCF, against Grapentine and Barrilleaux.

The doctrine of res judicata serves to bar a claim where there is an identity of claims, a final judgment on the merits, and an identity of parties.  Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005).  Here, Ireland has already brought Eighth Amendment claims against Grapentine and Barrilleaux on the same two allegations of excessive force.  Ireland, No. 2:08-CV-2102-RCF (Docket No. 17) (referring to the use of mechanical restraints on August 14 and September 8, 2008, and naming both Grapentine and Barrilleaux as defendants). The Court dismissed those claims for failure to state a claim of excessive force under the Eighth Amendment, and entered a judgment dismissing Ireland's complaint after Ireland failed to file a timely amended complaint.  Id. (Docket Nos. 32, 34).  This dismissal for failure to state a claim was a "judgment on the merits" to which res judicata applies.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).  This is true even if Judge Fisher erroneously dismissed Ireland's excessive force claims under the higher Eighth Amendment standard for convicted

3

inmates,[5] rather than the lower Fourteenth Amendment standard for pretrial detainees, like Ireland.

Accordingly, the Court dismisses with prejudice Ireland's excessive force claims against Grapentine and Barrilleaux.

B.   Exhaustion

Next, the Court notes Ireland may not have satisfied the exhaustion requirement under the Prison Litigation Reform Act of 1995 ("PLRA"). Ireland alleges he exhausted administrative remedies (Am. Compl. ¶¶ 20, 35),[6] but alleges his grievances were denied at only second-level—not third-level—review. (Id. ¶ 37.) However, because PLRA exhaustion is an affirmative defense, see Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003) (rejecting the Sixth Circuit rule requiring district courts to sua sponte dismiss complaints that fail to allege exhaustion with specificity), the Court does not now dismiss this action on

---

[5]  "To violate the Cruel and Unusual Punishment Clause, a prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). A court must focus on "the amount of force used, not the nature or severity of the injury inflicted." Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). Under this standard, Judge Fisher found that the ordinary use of handcuffs and other restraints, while uncomfortable, relates to the "routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society." Ireland, 2009 WL 3055217, at *1 (internal brackets and quotation marks omitted) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

[6]  In the California Department of Corrections ("CDC"), a prisoner has the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust these administrative remedies, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the CDC. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement. Aidnik v. Cal. Med. Facility, No. 2:08-cv-02583-HDM-RAM, 2009 WL 3789223, at *2 (E.D. Cal. Nov. 10, 2009) (unpublished disposition).

exhaustion grounds.[7]

### C. In Forma Pauperis

On October 24, 2008, Ireland requested in forma pauperis status. Pursuant to 28 U.S.C. § 1915(a), Ireland filed an adequate affidavit in support of his in forma pauperis motion, along with a certified copy of his prison trust account statement. (Docket No. 2.) Accordingly, the Court allows Ireland to proceed in forma pauperis.

### D. Failure to State a Claim

The Court next considers whether Ireland states excessive force claims against the defendants, as well as a retaliation claim against Deputy Grapentine.

#### 1. Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must allege facts which, accepted as true, "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" if the plaintiff states facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Even after Twombly, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted). If the complaint fails to state a claim, the Court has discretion to dismiss the complaint with or without leave to amend. Lopez, 203 F.3d at 1124, 1130.

To state a claim under § 1983, Ireland must allege (1) a right secured by the

---

[7] The Court nonetheless may dismiss this action if defendants later raise the exhaustion defense and prove failure to exhaust, even if by that time Ireland has exhausted his claims. See, e.g., Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (holding the language of § 1997e(a) mandates that actions be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending).

Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

        2.      Excessive Force

Ireland, as a pretrial detainee, is not properly subject to punishment until he is convicted of a crime.  Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979) (stating Eighth Amendment has no application to pretrial detainees); Ingraham v. Wright, 430 U.S. 651, 671 n.40 ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").  Accordingly, Ireland's excessive force claims against the remaining defendants—Sheriff Stanton, Commander Marsh, Sergeant Cullison, and Solano County—should be analyzed not under the Eighth Amendment, but, if at all, under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee, such as Ireland, from the use of excessive force that amounts to punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell, 441 U.S. at 535–39 (1979)).  "A challenged action which is reasonably related to a legitimate government objective will not, without more, constitute punishment.  Conversely, a court may infer an intent to punish when there is no such reasonable relation."  White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990).  As to a pretrial detainee who has not been tried, much less convicted, legitimate government objectives include effective management of the jail and maintenance of internal jail security and order, but not retribution and deterrence.  Id. at 1504–05.  To resolve a pretrial detainee's excessive force claims under the Due Process Clause, the Court must balance a number of factors: "(1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to maintain and restore discipline."  Id. at 1507.

With this background, the Court finds Ireland does not state a claim against Sheriff Stanton,[8] Commander Marsh, or Sergeant Cullison.  Ireland does not allege

---

[8] For reasons set out above, res judicata also bars Ireland from reasserting excessive force claims against Sheriff Stanton, who was named in the original and first amended complaints before Judge Fisher, albeit not in the second amended

6

these defendants were directly involved in the excessive force incidents above. Instead, Ireland alleges Sheriff Stanton and Commander Marsh were responsible for "supervising, disciplining, and providing necessary training for all deputies." (Am. Compl. ¶¶ 5–6.)  Ireland alleges he informed these defendants, including Sergeant Cullison, of Grapentine's and Barrilleaux's excessive force, but that the three defendants nonetheless failed to "investigate, report and take proper actions to discipline those involved."  (Id. ¶ 36.)  It appears Ireland intends to hold Sheriff Stanton, Commander Marsh, and Sergeant Cullison liable for the conduct of their subordinates, Grapentine and Barrilleaux.  But liability under § 1983 cannot be based on respondeat superior.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Id.  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Ireland does not allege Sheriff Stanton, Commander Marsh, and Sergeant Cullison knew of the alleged Fourteenth Amendment violations in time to prevent them.  Nor does Ireland allege these defendants implemented a policy that was the cause of the alleged constitutional violations.  Therefore, Ireland cannot state a Fourteenth Amendment excessive force claim against Sheriff Stanton, Commander Marsh, or Sergeant Cullison.

Ireland also does not state a claim based on the use of excessive force against Solano County.  As a general matter, a county may be held liable for a violation of federal law under § 1983 only if the county has adopted an illegal or unconstitutional practice or policy.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  The Monell rule thus operates to defeat Ireland's excessive force claims against Solano County because he does not allege an illegal or unconstitutional practice or policy.

  E. Retaliation

However, Ireland does state a retaliation claim against Deputy Grapentine.

There is a First Amendment right to petition the government through prison

---

complaint.  Ireland, No. 2:08-CV-2102-RCF (Docket Nos. 1, 4, 17).

grievance procedures.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  To state a retaliation claim, Ireland must allege (1) Grapentine took some adverse action against him (2) because of (3) Ireland's protected conduct and that such action (4) chilled Ireland's First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.  See id. at 567–68.

     Here, Ireland alleges "Grapentine used the mechanical restraints on . . . [him] in such a fashion as to cause lasting pain and injury, and did so knowingly and deliberately and in retaliation for initiating and maintaining inmate grievances and complaints for [Grapentine's] excessive . . . force with the mechanical restraints[.]"  (Am. Compl. ¶ 19.)  Construing this claim liberally, as it must, the Court can infer all of the elements of retaliation[9]—even that excessively tight restraints advance no legitimate correctional goal.  Although Ireland filed numerous grievances against Grapentine after the alleged retaliation (see id. ¶¶ 29–33), the Ninth Circuit has "explicitly held that an objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 568–69).  Indeed, the retaliatory infliction of pain—as Ireland alleges—would

---

[9] Under the less stringent standard for pro se complaints, the Court can also infer when Ireland made grievances, see Am. Compl. ¶ 24 ("On August 27, 2008 [Ireland] filed an inmate grievance # 800 2530 about not being seen concerning the incident on August 14, 2008 with Deputy Grapentine."), and with whom he filed others.  See id. ¶ 25 ("On 9-7-08 [Ireland] filed a claim with the Solano County Sheriff for violations of the Eighth Amendment to the U.S. Constitution for excessive force.").  Further, the Court reads Ireland's legal conclusion—that Grapentine applied excessive force "in retaliation" for those grievances—as a factual allegation—that Grapentine applied force "because of" such grievances.  The Court will not apply a heightened pleading standard simply to require Ireland to restate what, liberally construed, may be understood as a factual allegation: "in retaliation" can mean "because of" in the vernacular.  Cf. Erickson, 551 U.S. at 94 (holding the complaint could not be dismissed on the ground the prisoner's allegation of harm—that the prison's termination of his medication was "endangering [his] life"—was "too conclusory" to state "a cognizable independent harm" for his Eighth Amendment claim of deliberate indifference to his serious medical needs).

chill or silence the speech of a reasonable person.

Therefore, Ireland states a First Amendment retaliation claim against Grapentine.

IV.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED:

1. Ireland's in forma pauperis motion is granted.

2. The excessive force claims against all defendants are dismissed with prejudice.

3. The Court finds the pro se amended complaint alleges facts sufficient for preliminary screening purposes, see 28 U.S.C. § 1915A, on Ireland's retaliation claim. Service of the summons and amended complaint is proper for defendant Grapentine on that claim.

4. The Clerk of the Court shall send Ireland one (1) return of service (USM-285) forms, one summons, an instruction sheet, and a copy of the amended complaint filed June 25, 2009.

5. Within thirty (30) days from the date of this Order, Ireland shall complete the attached Notice of Submission of Documents and submit the following documents to the Clerk of the Court:

    (a)    The completed Notice of Submission of Documents;

    (b)    One (1) completed summons for the single defendant listed in number 3 above;

    (c)    One (1) completed return of service (USM-285) form for the single defendant listed in number 3 above; and

    (d)    Two (2) copies of the endorsed amended complaint filed June 25, 2009.

6. Ireland need not attempt service on the defendant and need not request

waiver of service.  Upon receipt of the above-described documents, the Clerk of the Court shall deliver those documents to the United States Marshal, who shall serve the above-named defendant with those documents pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      7.  If Ireland fails to submit to the Clerk of the Court the Notice of Submission of Documents and the other required documents within thirty (30) days of the date of this Order, the Clerk of the Court must, without further notice, enter a judgment of dismissal of this action without prejudice.  See Fed. R. Civ. P. 41(b).

Date: January 7, 2010                  /s/Carlos T. Bea
                                           Carlos T. Bea
                                           United States Circuit Court Judge

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Rod W. Ireland | ) | 2:08-cv-02535-CTB |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF SUBMISSION OF |
| vs. | ) | DOCUMENTS |
| | ) | |
| County of Solano, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                             Complaint/Amended Complaint

DATED:

                                            _____
                                            Plaintiff

1