Rod Ireland v. County of Solano, et al., CV 08-2535 CTB

Order re Motion for Judgment on the Pleadings

Plaintiff Rod Ireland ("Ireland"), a California prisoner proceeding pro se, alleges a First Amendment retaliation claim under 42 U.S.C. § 1983 against Solano County Deputy Jesse Grapentine ("Grapentine"). Pursuant to an unenumerated Federal Rule of Civil Procedure 12(b) motion, Grapentine moves to dismiss the amended complaint based on Ireland's failure to exhaust administrative remedies as to this retaliation claim. Because Grapentine has filed an answer to the amended complaint, the court construes his motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Ireland has failed to file an opposition. The Court GRANTS the motion for judgment on the pleadings, and ORDERS the Clerk of Court to close this case.

I.   Background

Ireland's amended complaint alleges, in pertinent part, as follows. On August 14, 2008, Deputy Grapentine applied "mechanical restraints" to Ireland to secure him during transport to a court appearance.[1] (Am. Compl. ¶ 11.) Although Ireland complained the restraints were too tight, Grapentine did not loosen the restraints. (Id. ¶ 12.) This incident resulted in meralgia paresthetica,[2] which required medical care. (Id. ¶¶ 13, 34. Then, on October 15, 2008, Grapentine applied mechanical restraints to Ireland to inflict pain in retaliation for inmate grievances Ireland filed against Grapentine. (Id. ¶ 19.) This incident required further unspecified medical attention. (Id.)

Ireland filed a pro se complaint against Grapentine and others on October 24, 2008, and his amended complaint on June 25, 2009. (Docket Nos. 1, 13.) This

---

[1] Ireland does not specify in his complaint the kind of mechanical restraints, but he did specify in one of his inmate grievance forms that the restraints were "waist chains." (Cameron Decl. ¶ 4, Ex. A.)

[2] "Meralgia paresthetica" is numbness or pain in the outer thigh not caused by injury to the thigh, but by injury to a nerve that extends from the thigh to the spinal column. J.M. Pearce, Meralgia paraesthetica (Bernhardt-Roth syndrome), 77 J. Neurol. Neurosurg. Psychiatr. 84 (2006).

1

case was assigned to a magistrate judge and then a district court judge before being reassigned on December 23, 2008 to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation. (Docket No. 9.)

At the preliminary screening stage, the Court dismissed with prejudice all claims other than Ireland's retaliation claim against Grapentine, because the doctrine of res judicata barred those other claims.³ (Docket No. 15.) On May 17, 2010, Grapentine filed an answer to Ireland's amended complaint. (Docket No. 22.) On July 23, 2010, Grapentine filed a motion to dismiss the amended complaint pursuant to an unenumerated Rule 12(b) based on Ireland's failure to exhaust his administrative remedies. (Docket No. 25.) Grapentine served this motion on Ireland by mail on the same day. Ireland did not file an opposition by the August 13, 2010, deadline. L.R. 230(*l*) (providing that a prisoner's "[o]pposition, if any, . . . shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion."). Twenty-eight days have passed since the motion was filed and, therefore, the motion is deemed submitted. L.R. 135, 230(*l*).

II.  Legal Standard

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "a prisoner [to] exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Id. (internal citations omitted).

The Ninth Circuit has articulated two primary purposes for this exhaustion requirement. The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005). The second

---

³ This Court dismissed those claims in Ireland v. Solano County Sheriff, No. 2:08-CV-2102-RCF, 2009 WL 3055217 (E.D. Cal. Sept. 16, 2009), and closed that case on October 26, 2006, Ireland, No. 2:08-CV-2102-RCF (Docket No. 34).

2

is to promote judicial efficiency by either resolving the dispute outside of the courts, or by producing a factual record that can aide the court in processing a plaintiff's claim. Id. Thus, exhaustion must occur prior to filing the suit and the prisoner may not exhaust while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), the Ninth Circuit held that exhaustion of administrative remedies is an affirmative defense, and the proper method for defendants to establish nonexhaustion is to file an unenumerated Rule 12(b) motion to dismiss, rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the Court concludes that the prisoner has not exhausted administrative remedies, the proper remedy is dismissal of the claim without prejudice. Id.

Where, as here, the defendant files a Rule 12(b) motion after he files his answer to the complaint, the Court can treat the motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). The Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). The Court will grant judgment on the pleadings when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Id.

III.   Discussion

The Court deems Ireland's failure to oppose the motion for judgment on the pleadings as consent to the granting of the motion. See L.R. 230(*l*) ("Failure . . . to file an opposition . . . may be deemed a waiver of any opposition to the granting of the motion[.]"). The Court also grants the motion on its merits.

The amended complaint alleges that Grapentine applied waist chains to Ireland to inflict pain on him in retaliation for inmate grievance forms he had filed against Grapentine. This retaliation allegedly occurred on October 15, 2008 while Ireland was a pretrial detainee in the Solano County jail. (Am. Compl. ¶ 19.) The

3

Solano County jail had a two-step inmate grievance procedure in place at the time.[4] (Cameron Decl. ¶ 3.)  At the first step, an inmate must submit a written grievance form to the officer who patrols his prison floor within 5 days of the incident that is the subject of the grievance.  (Id.)  At the second step, the inmate must appeal any decision at the first step to the facility commander.  (Id.)  A decision by the facility commander exhausts the inmate's administrative remedies.  (Id.)

To state this claim in his complaint, Ireland must allege (1) Grapentine took some adverse action against him (2) because of (3) Ireland's protected conduct and that such action (4) chilled Ireland's First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  But, to exhaust his administrative remedies as to this claim, Ireland did not need to include in his inmate grievance form "every fact necessary to prove each element of an eventual legal claim."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  Still, Ireland needed to provide "enough information to allow prison officials to take appropriate responsive measures."  Id. at 1121 (internal quotation marks and ellipsis omitted).  The Ninth Circuit has held that a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  Id. at 1120.

In his motion for judgment on the pleadings, Grapentine submits three written inmate grievance forms that Ireland submitted to prison officials at the Solano County jail.  The first form, dated August 19, 2008, is irrelevant because it predates Ireland's allegation that Grapentine retaliated against him on October 15.  The October 15 incident is the only allegation of retaliation in the amended complaint.  Although the amended complaint also alleges that two months prior, on August 14, Grapentine applied waist chains to Ireland in a manner that caused him to develop meralgia paresthetica, this is not an allegation of retaliation, even if the Court liberally construes the amended complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (pro se pleadings must be liberally construed).  Instead, the August 19 grievance form appears to be the basis for Ireland's retaliation claim; that is, Grapentine retaliated against Ireland on October 14 because Ireland filed

---

[4] This differs from the four-step procedure of the California Department of Corrections, set out in Brodheim v. Cry, 584 F.3d 1262, 1264–65 (9th Cir. 2009).

the August 19 inmate grievance form.[5]

Ireland's second inmate grievance form, dated October 17, 2008, refers to the October 15 incident, in which Grapentine allegedly retaliated against Ireland. But the form makes no reference to retaliation whatsoever; rather, it states, in full:

> Deputy Grapentine put the mechanical restraints on me so tight on 10-15-08 that the neurologist could not even put his thumb under them. Now two days later, my hips and belly are [sore] from them. This is the same Deputy who caused my injury the first time, making it necessary to see the neurologist in the first place. Now my left leg is completely numb from the chains being so tight, and this is not a certain amount of discomfort—it[']s abuse, and a pattern of behavior from him to inmates. The doctor even put an order in my file not to put the chains on so tight[ly].

(Cameron Decl. ¶ 6, Ex. B.)

Because Ireland once again failed to state that Grapentine was retaliating against Ireland because he previously filed inmate grievances, this inmate grievance did not provide the Solano County jail with enough information to allow jail officials to take appropriate responsible measures on these claims. Thus, Ireland did not exhaust his administrative remedies in his October 17 inmate grievance.

The third inmate grievance form, filed October 21, 2008, does state that Grapentine would not loosen or adjust waist chains on Ireland in "retaliation." (Cameron Decl., Ex. B.) But this grievance is irrelevant given that it was filed more than 5 days after the October 15 incident and, therefore, is untimely at the first step of the Solano County jail's inmate grievance procedure. (Cameron Decl. ¶ 3, noting that an inmate must submit a grievance at the first step within 5 days of the incident that is the subject of the grievance.)

---

[5] In any event, Grapentine offers uncontroverted evidence that Ireland did not exhaust this grievance because he failed to appeal it. (Cameron Decl. ¶ 4.)

5

IV.     Conclusion

For the reasons set out above, the Court GRANTS Defendants Grapentine's motion to grant judgment on the pleadings as to Ireland's complaint.  The Court DISMISSES Ireland's complaint without prejudice because Ireland failed to exhaust his administrative remedies.

The Court ORDERS the Clerk of Court to close this case.

Dated: October 7, 2010         /s/ Carlos T. Bea
                               CARLOS T. BEA
                               United States Circuit Judge, sitting by designation